IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN A. STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2054-K |
| | § | |
| WILLIAM W. SHEEN, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the parties' Joint Motion and Notice of Motion for Summary Judgment (doc. 37). For the following reasons, the Court **GRANTS** the motion.

The factual background is well known to the parties and is not in dispute; therefore, the Court will not recite the facts. Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The parties filed this motion for summary judgment jointly. (Defendant William A. Sheen represented at the settlement conference that he is not subject to the Court's jurisdiction, and did not join in nor respond to this motion. In addition, Defendant State Farm Mutual Auto Insurance Company has made no claim to the interplead

funds.) Therefore, there are no genuine issues of material fact and the parties are entitled to judgment as a matter of law. *See id.*

Plaintiff John A. Stewart interplead $90,363.06 into the state court's registry when the case was originally filed in state court. The Court makes the following assessment of priority to these interplead funds. Plaintiff John A. Stewart first receives $3,357.00 for his attorneys' fees and expenses incurred in this case. (The parties agreed to this priority.) Defendant County of Dallas is next in priority with a claim of $2,747.05 for taxes related to the foreclosed upon property. (The parties agreed to this amount and priority.) Defendant Steven M. Strong is next in priority for a judgment obtained against Defendant Sheen in Dallas County in 1992 (original abstract recorded in Dallas County on July 24, 1992, and then renewed on May 31, 2002). The amount owed Defendant Strong, as calculated by the Court, is $53,595.15 through May 13, 2008. (Defendant Strong's calculation was incorrect using the 10% annum interest; this amount reflects the correct amount owing him.) Defendant State of Texas is next in priority with a judgment received against Defendant Sheen in Travis County in 1999. Although the original judgment was for $49,950.00 total, the remaining balance from the interplead funds will not fully satisfy that amount. Therefore, the remaining balance in the state court's registry of the interplead funds, the original $90,363.06 plus any interest having accrued, will go to satisfy Defendant State of Texas' judgment. The last party with priority is Defendant United States Department of Treasury. Once

Defendant State of Texas is paid, there will be no remaining interplead funds for Defendant United States.

**SO ORDERED.**

Signed May 13th, 2008.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE