IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN A. STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2054-K |
| | § | |
| WILLIAM W. SHEEN, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Steven Strong's (1) Motion under FRCP Rule [sic] 60(a) and/or 60(b) (doc. 44); and (2) Motion to Extend Time to File Notice of Appeal (doc. 46). For the following reasons, the Court **DENIES** Defendant's motions.

Defendant Strong contends the Court made a miscalculation in his awarded amount, the Court failed to award his stipulated and agreed upon attorneys' fees, and the Court did not include in the judgment an order to the Clerk to disburse the interplead funds. Rule 60(a) allows a court to correct a clerical error or mistake in an order, judgment or other part of the record. FED. R. CIV. P. 60(a). Rule 60(b)(1) permits a court to relieve a party from a final judgment, order or proceeding in the case of mistake, inadvertence, surprise or excusable neglect. FED. R. CIV. P. 60(b)(1). However, once an appeal has been docketed, the district court has been divested of jurisdiction to grant a rule 60 motion, so leave of the appellate court is required for the district court to take any action. *See* FED. R. CIV. P. 60(a); *Winchester v. U.S. Atty*, 68

F.3d 947, 949 (5th Cir. 1995). Defendant Strong filed a notice of appeal (doc. 47) three days after filing these motions which was been docketed and is currently pending, but he has not requested leave of the Fifth Circuit to allow this Court to take any action under either rule 60(a) or 60(b). Accordingly, the Court hereby **DENIES** Defendant's Rule 60 motion. The Court **DENIES as moot** Defendant's motion to extend time to file notice of appeal as Defendant has already filed his notice of appeal.

**SO ORDERED**.

Signed September 9th, 2008.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE