IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JOHN A. STEWART, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2054-K |
| | § | |
| WILLIAM W. SHEEN, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Steven Strong's ("Strong") Re-submission of Defendant Strong's Motion under FRCP Rule [sic] 60(a) and/or 60(b) (doc. 52). For the following reasons, the Court **GRANTS** Defendant's motion.

Strong contends the Court made a miscalculation in his awarded amount, the Court failed to award his stipulated and agreed upon attorneys' fees, and the Court did not include in the judgment an order to the Clerk to disburse the interplead funds. Rule 60(a) allows a court to correct a clerical error or mistake in an order, judgment or other part of the record. FED. R. CIV. P. 60(a). Rule 60(b)(1) permits a court to relieve a party from a final judgment, order or proceeding in the case of mistake, inadvertence, surprise or excusable neglect. FED. R. CIV. P. 60(b)(1). In an opinion and order dated September 9, 2008, the Court denied Strong's original motion because the Court has been divested of jurisdiction to grant a rule 60 motion when Strong filed a notice of

appeal with the Fifth Circuit before this Court could rule on his motion.  *See* Fed. R. Civ. P. 60(a); *Winchester v. U.S. Atty*, 68 F.3d 947, 949 (5th Cir. 1995).  Strong has since remedied this problem by securing leave of the Fifth Circuit for this Court to rule on his Rule 60 motion.  *See* Pl.'s Re-Submission of Motion, Exhibit C.

The Court concludes that it erred in awarding the wrong amount, failing to award Strong attorneys' fees, and failing to direct the clerk of the court to disburse the interplead funds.  Under Rule 60(a), the Court makes the following corrections: (1) Strong is awarded $68,991.64 as agreed to by the parties in the joint motion for summary judgment; and (2) awards Strong $22,000 in attorneys' fees also as agreed to by the parties in the joint motion for summary judgment.  An amended judgment will also issue directing the clerk to disburse the interplead funds.

**SO ORDERED**.

Signed December 10th, 2008.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE